# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6071 | DATE | 07/23/2001 |
| CASE TITLE | Walls v. Bradley, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment (doc. #16)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the attached reasons, Defendants' motion for summary judgment is GRANTED. Any pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 24 2001 date docketed | 26 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| | courtroom deputy's initials | FILED FOR DOCKETING 01 JUL 23 PM 9:55 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED JUL 2 4 2001**

ERVEN WALLS )
    Plaintiff, )
)    CASE NO. 99 C 6071
v. )
)    JUDGE WILLIAM J. HIBBLER
VERNON BRADLEY and )
ALONZO JACKSON )
    Defendants. )

## MEMORANDUM AND OPINION

Erven Walls ("Plaintiff") filed this complaint alleging Detectives Vernon Bradley and Alonzo Jackson ("Defendants") used excessive force following Plaintiff's arrest on charges of armed robbery, aggravated kidnaping and related offenses. After his arrest, Plaintiff filed a motion to suppress statements he made to authorities, allegedly as a result of beatings he suffered at the hands of Defendants. The Circuit Court Judge heard testimony at the suppression hearing and denied the motion. Further, the court explicitly found Plaintiff's injuries were not received in police custody. Plaintiff was then tried before a jury on the criminal charges. Defendant Bradley was questioned again regarding Plaintiff's injuries and Plaintiff's closing argument alleged his injuries were the result of police misconduct. Nonetheless, Plaintiff was found guilty and sentenced to a term of incarceration of fifty years, where he remains today.

Defendants filed the present motion for summary judgment on

1



Plaintiff's only claim, i.e. a § 1983 cause of action. The matter has been fully brief and is thus ready for adjudication. For the following reasons, the Court GRANTS Defendants' motion for summary judgment.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Summary judgment is appropriately entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 479 (7th Cir.1996) (citations omitted). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-34 (1986). Accordingly, the non-moving party is required to go beyond the

pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* at 324. Nevertheless, in determining the existence of any genuine issue of material fact, the court must draw all reasonable inferences in the light most favorable to the non-movant. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

**ANALYSIS**

The court in Plaintiff's criminal case heard testimony concerning the exact same set of facts and events alleged in this civil complaint and concluded Defendants had not used excessive force against Plaintiff to obtain his statements.

> It is true that there are physical injuries that were noted upon the person of (Plaintiff), and unexplained injuries that are committed upon a defendant in police custody, of course, raise serious questions. The problem here, though, is that these injuries were observed prior to the time that (Plaintiff) was placed into custody. He was not in police custody when these were inflicted upon him, and there's evidence that explains the injury, that is a violation or beating in Cabrini Green. There is no evidence put forth here to support any of the allegations made in this motion. Accordingly, the motion to suppress statements shall be and is hereby denied.

Def. Mot. Summ. J. 56.1(a)(3) Statement of Uncontested Facts at Ex. E, p. G 70-71. Defendants argue Plaintiff is precluded by collateral estoppel from raising this issue again. The Court agrees.

Courts have consistently recognized collateral estoppel and res judicata "not only reduce unnecessary litigation and foster

3

reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95 (1980); see 28 U.S.C. § 1738. Further, collateral estoppel is applicable to § 1983 claims. *Id.* at 97.

Under Illinois law, collateral estoppel, or issue preclusion, bars relitigation of an issue when: (1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issues was necessary to the court's judgments, and (4) those issues are identical to issues raised in the subsequent suit. *Wozniak v. County of DuPage*, 845 F.2d 677, 682-83 (7th Cir.1988); *see also de La Paz v. Dan*, 646 F.Supp 914, 919 (N.D.Ill 1986).

Federal courts follow the lead of their state court brethren; under 28 U.S.C. § 1738, a federal court can give a state court judgment no more preclusive effect than would the courts of the state that rendered the judgment. *Migra v. Warren City School District*, 465 U.S. 75, 81 (1984); *Allen*, 449 U.S. at 96; *Ramey v. Smith*, No. 88 C 6291, 1991 WL 42166, at *3 (N.D.Ill March 22, 1991). In Illinois, several courts have held a state court denial of a motion to suppress an allegedly coerced confession bars a subsequent § 1983 suit against the police for the alleged beatings

4

that compelled the confession. *Johnson v. Cornelson*, No. 89 C 7450, 1993 WL 87735, at *2-3 (N.D.Ill March 23, 1993); *Ramey*, 1991 WL 42166, at * 3; *People v. Owens*, 464 N.E.2d 252, 255 (Ill.1984). Therefore, Plaintiff may not relitigate any factual issue determined by the state court during his suppression hearing.

Here, all the prerequisites of collateral estoppel are present and apply. Plaintiff was the defendant in the state court criminal proceeding. Plaintiff requested and received a full and fair suppression hearing; the present matter of excessive force was the central issue there and was fully and fairly reviewed by the judge in that prior adjudication. Thus, the denial of Plaintiff's motion to suppress bars his attempt here to assert a § 1983 cause of action.

Defendants further argue the jury verdict against Plaintiff also precludes his current claim. However, Illinois courts traditionally hold a criminal conviction obtained after a trial is only prima facie evidence of the facts upon which the conviction is based. *Rodriguez v. Schweiger*, 796 F.2d 930, 933 (7th Cir.1986); *Johnson v. City of Chicago*, 712 F.Supp. 1311, 1314 (N.D.Ill 1989); *Stevenson v. City of Chicago*, 638 F.Supp. 136, 138 (N.D.Ill.1986). Plaintiff's prior conviction does not serve as a bar "where (Plaintiff) has been criminally convicted on the merits at trial." *Rodriguez*, 796 F.2d at 933. If a conviction is held to be relevant, then it may be admitted into evidence in a subsequent

civil action concerning matters related to the criminal prosecution, but a conviction alone will not support a collateral estoppel defense. *Johnson*, 712 F.Supp. at 1314. Therefore, since Plaintiff's conviction alone has no preclusive effect under Illinois law, Defendants cannot rely simply on the fact of this conviction to bar his claim on grounds of issue preclusion.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment.

**IT IS SO ORDERED.**
**DATED:** July 23, 2001

_____
**WILLIAM J. HIBBLER, DISTRICT JUDGE**